In the matter of James C. Bradlie.

## NEW YORK CIRCUIT—AT CHAMBERS.

### June, 1846.

### Before Edmonds, Circuit Judge.

In the matter of James C. Bradlie, an insolvent debtor.

A party having given the bond required by the fourth subdivision of section ten of the act to abolish imprisonment for debt, is not limited in his application for a discharge under section fourteen, to the thirty days mentioned in the condition of the bond.

The right of the party to apply for, and the officer to grant, the discharge, depend on the giving the bond, not on the performance of its condition.

On the 5th of June, 1846, Bradlie presented to the circuit judge his petition for a discharge under section twelve of the act to abolish imprisonment for debt, passed April 26, 1831.

The petition set forth that on the 22d of April he had been arrested on the complaint of a creditor, on a warrant issued by one of the judges of the Common Pleas, and on the 27th of April had given a bond, under the fourth subdivision of the tenth section, that he would, within thirty days, apply for an assignment of all his property, and for a discharge, and diligently prosecute the same until he obtained such discharge.

*R. Ten Broeck*, for the opposing creditor, objected:—

1. That the petition did not set forth enough to show that he was entitled to apply for a discharge.

2. That he had not made his application within the thirty days.

*J. Warner, contra*, read an affidavit that a copy of the petition, an inventory of the debtor's estate, an account of his creditors, and a notice that the same would be presented to the circuit judge on the 3d of June, had been served on the opposing creditors, within thirty days after the execution of the bond.

In the matter of James C. Bradlie.

*The Circuit Judge:* The question presented by the counsel is, what is meant by the language of the statute, that the debtor will, within thirty days, apply for an assignment and his discharge?

The fourteenth section enacts that fourteen days' notice shall be given of the time, and place, and officer to whom the petition will be presented, so that if the construction contended for by the opposing creditors is correct, the debtor has but sixteen days from giving the bond to make out his papers and give his notice, and he must at all events present his petition to the officer within the thirty days.

If the debtor should, within the sixteen days, make out and serve his papers, and on the appointed day the officer should be absent, and continue so until after the expiration of the thirty days, the debtor would, without any fault on his part, and upon an event which he could not control, not only be deprived of all opportunity of obtaining his discharge, but be liable to have his bond forfeited.

But, however proper it might be, under the provisions of the statute, to declare the bond forfeited because the application was not made within the thirty days, I do not find any thing in the act which deprives the debtor of his opportunity of being discharged in such an event.

The twelfth section says that any person who has given such a bond, may present a petition praying that his property may be assigned, and that he may have the benefit of the act, but does not say that he shall do so within any given time. So that, although he may delay making his application to such a time as to work a forfeiture of his bond, yet I do not discover any thing which forbids his making the application at any time, nor any thing which forbids the officer entertaining his application whenever it may be made. The condition of the bond is one thing, and the jurisdiction of the officer, in no respect depending on the performance of the condition of the bond, is another.

The right to make the application is founded on the fact of

the defendant having given the bond, not on the fact that he has performed the condition of it.

And, as his petition sets forth that he has given the bond required, it states all that, under the circumstances, is necessary to entitle him to make the application, or to give me jurisdiction.

Objections overruled.

---

### NEW YORK CIRCUIT—AT CHAMBERS.
#### JULY 1846.
#### Before EDMONDS, Circuit Judge.